UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ALEXUS HYDE, on behalf of herself and all others similarly situated, 1281 West Galbraith Road Cincinnati, Ohio 45231 | ) ) ) ) | CASE NO.<br><br>JUDGE: |
| Plaintiff, | ) ) ) | **PLAINTIFF'S COMPLAINT** |
| v. | ) ) | (Jury Demand Endorsed Herein) |
| FRICKER'S USA, LLC c/o E&S Registered Agent, LLC One Seagate, 27th Floor Toledo, Ohio 43604 | ) ) ) ) ) | |
| and | ) ) | |
| FRICKER'S NORTH COLLEGE HILL 107, LLC c/o E&S Registered Agent, LLC One Seagate, 27th Floor Toledo, Ohio 43604 | ) ) ) ) ) ) | |
| Defendants. | ) | |

Now comes Plaintiff Alexus Hyde, by and through undersigned counsel, and for her Complaint against Defendants Fricker's USA, LLC, d/b/a Fricker's and Fricker's North College Hill 107, LLC, d/b/a Fricker's ("Defendants") states and alleges the following:

## SUMMARY

1.     This is a "collective action" instituted by Plaintiff as a result of Defendants' practices and policies of not paying tipped, non-exempt employees, including Plaintiff and other similarly situated employees, the applicable minimum wage for all of the hours worked in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), Ohio R.C. § 4111.01, *et seq.*, and Article II § 34(a) of the Ohio

Constitution. Plaintiff brings this case as a collective action under the FLSA, 29 U.S.C. § 216(b), and pursuant to the OMFWSA, Ohio R.C. § 4111.14(K)(2).

2.     Defendants pay their tipped employees (i.e., servers and bartenders) below the minimum wage rate by taking advantage of the tip-credit provisions of the FLSA and, in Ohio, the OMFWSA. Under the tip-credit provisions, an employer of tipped employees may, under certain circumstances, pay those employees less than the minimum wage rate by taking a "tip credit" against the employer's minimum wage obligations from the tips received from customers.

3.     However, there are strict requirements for an employer to utilize the "tip credit." *See* 29 U.S.C. § 203(m). An employer must advise an employee in advance of its use of the tip credit pursuant to the provisions of section 3(m) of the FLSA. *See Id.* (stating the tip credit provision "shall not apply with respect to any tipped employee unless such employee has been informed by the employer of the provisions of this subsection."). That is, the employer must inform the employee: (1) the amount of the cash wage that is to be paid to the tipped employee; (2) the amount by which the wages of the tipped employee are increased on account of the tip credit; (3) that all tips received by the employee must be retained by the employee except for tips contributed to a valid tip pool; and (4) that the tip credit shall not apply to any employee who does not receive the notice.

4.     Additionally, an employer must pay the minimum statutory hourly rate. *See* 29 U.S.C. § 203(m). Ohio law establishes a minimum wage within the State of Ohio as adjusted annually by the director of commence ($9.30 per hour as of 2022), and recognizes that, under certain circumstances, employers may impose a maximum tip credit (not more than half of the minimum wage rate) on the wages of their tipped employees where the tipped employees receive at least the minimum wage when the tip credit wages and tips they receive are combined. *See* Ohio

R.C. 4111.02; Ohio Const., Art. II, Section 34a. As of 2022, the minimum wage rate in Ohio was $9.30 per hour, and the minimum tip-credit wage rate was $4.65. The FLSA, in turn, requires that employers comply with any State law that establishes a higher minimum wage than that established by the FLSA. *See* 29 U.S.C. § 218(a). Therefore, federal law requires that all Ohio employers comply with the minimum wage standards set forth by Ohio law and limits the maximum allowable tip credit to no more than half of the Ohio minimum wage rate.

5.     Moreover, an employer cannot pay below the minimum wage to tipped employees and require those tipped employees to perform non-tipped work that is unrelated to the tipped occupation. *See Osman v. Grube, Inc.,* No. 16-CV-802, 2017 WL 2908864, at *4 (N.D. Ohio July 7, 2017)(employer may not take a tip credit for the time that a tipped employee spends on work that is not related to the tipped occupation); *Driver v. AppleIllinois, LLC*, 739 F.3d 1073, 1075 (7th Cir.2014) (explaining that when tipped employees perform "non-tipped duties" that "are unrelated to their tipped duties such as, in the case of restaurant servers, washing dishes, preparing food, mopping the floor, or cleaning bathrooms, they are entitled to the full minimum wage for the time they spend at that work.").

6.     Further, an employer cannot require its tipped employees to perform non-tipped work that is related to the employees' tipped occupation but exceeds 20 percent of the employees' time worked during a workweek. *See Harrison v. Rockne's Inc.,* 274 F. Supp. 3d 706, 713 (N.D. Ohio 2017)(Plaintiffs sufficiently alleged a claim when "they alleged that they were required to perform non-tipped related duties more than 20% of their regular work.")*; Fast v. Applebee's Int'l, Inc*., 638 F.3d 872, 880 (8th Cir. 2011) ("employees who spend 'substantial time' (defined as more than 20 percent) performing related but nontipped duties should be paid at the full minimum wage for that time.").

7.  Defendants violated the FLSA and OMFWSA in the following respects:

   a.  **Violation for performing work unrelated to tipped occupation:** Plaintiff was required to perform excessive amounts of non-tipped work that was unrelated to her tip-producing duties as a server each workweek, including but not limited to: cleaning ledges; cleaning the kitchen; cleaning walls and items hanging on the walls; cleaning window blinds, windows and window sills; cleaning the bathrooms; and/or washing trays, appliances, silverware, dishes and/or glasses.

   b.  **Violation for performing non-tipped work in excess of 20% of the time spent working in the week and/or in excess of 30 minutes for continuous periods of time:** Plaintiff was required to spend greater than 20% of her time performing non-tip work, including but not limited to, cleaning and stocking the serving line; cleaning booths, chairs, high chairs and booster seats; cleaning menus; cleaning soft drink dispensers and nozzles; cleaning tables; filling and cleaning ketchup and syrup bottles; filling and cleaning salt and pepper shakers; replacing soft drink syrups; rolling silverware; setting tables; stocking ice; sweeping, cleaning and mopping floors; taking dishes and glasses from the tables to the kitchen; and/or taking out trash.

8.  As a result of these violations, Defendants have lost the ability to use the tip credit and therefore must compensate Plaintiff and all similarly situated workers at the full minimum wage rate, unencumbered by the tip credit, and for all hours worked.  In other words, Defendants must account for the difference between the wages paid to Plaintiff and all similarly situated workers and the minimum wage rate.

## SUBJECT MATTER JURISDICTION AND VENUE

9.  This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 216(b), *et. seq*.

10.  This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

11.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendants are residents of the State of Ohio and a substantial part of the events and omissions giving rise to

this action occurred in this district, including many of the wrongs alleged herein.

## PARTIES AND PERSONAL JURISDICTION

12.    Plaintiff is a resident of Cincinnati, Ohio.

13.    Defendant Fricker's USA, LLC, a restaurant chain, is a domestic limited liability company organized and existing under the laws of the State of Ohio, with its corporate headquarters and principal place of business located at: 228 Byers Road, Suite 100, Miamisburg, Ohio 45342.

14.    Defendant Fricker's North College Hill 107, LLC is a domestic limited liability company organized and existing under the laws of the State of Ohio and is located at: 1580 Goodman Avenue, North College Hill, Ohio 44224.

15.    At all material times, Defendant Fricker's North College Hill 107, LLC is and was a restaurant operated by Defendant Fricker's USA, LLC and is and part of the Defendant Fricker's USA, LLC restaurant chain.

16.    In addition to Defendant Fricker's North College Hill 107, LLC, Defendant Fricker's USA owns and operates several other "Fricker's" restaurant locations that are part of its chain, including Fricker's Bowling Green 106, LLC (collectively "Fricker's").

17.    At all material times, Defendant Fricker's USA, LLC, and the Fricker's restaurants, including Defendant Fricker's North College Hill 107, LLC, have performed related activities through unified operation and common control for a common business purpose, and part of their unified business model is the wage violations alleged in this Complaint.

## COVERAGE

18.    At all material times, Plaintiff was an employee within the meaning of 29 U.S. § 203(e) and Ohio R.C. § 4111.03(D)(3).

5

19.     At all material times, Plaintiff was an employee engaged in the commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

20.     At all material times, Defendants were employers within the meaning of 29 U.S.C. § 203(d) and Ohio R.C. § 4111.03(D)(2).

21.     At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), and have enjoyed yearly gross revenue in excess of $500,000.

22.     At all material times, Defendant Fricker's USA, LLC and the Fricker's restaurants, including Defendant Fricker's North College Hill 107, LLC, have operated as a single "enterprise" and are and were joint employers within the meaning of 29 U.S.C. §§ 203(r) and 207(b), as they have an interrelation of operations, a common business purpose, common activities, common management and human resources, common control of labor relations, and common ownership and financial control.

23.     Plaintiff's written consent to this action is attached hereto as Exhibit "A."

24.     Written consents to join this action, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b) and R.C. 4111.14(K)(2).

## FACTUAL ALLEGATIONS

25.     Defendant Fricker's USA, LLC is a family-owned restaurant chain that owns and operates restaurants in Ohio, Indiana, and Michigan under the trade name "Fricker's".

26.     Defendant Fricker's North College Hill 107, LLC is one of the Fricker's restaurants operated by Defendant Fricker's USA, LLC in Ohio.

27.     The Fricker's restaurants are full-service restaurants that employ servers and bartenders ("tipped employees") to provide services to customers.

28.     Severs gathers orders from customers and delivers food and drinks to the customers.

29.     Bartenders makes various alcoholic beverages for customers and serve them to customers.

30.     Upon information and belief, Defendant Fricker's USA, LLC has ultimate control over the labor relations at each Fricker's restaurant and the employment of tipped employees at the Fricker's restaurants, and the tipped employees at each Fricker's restaurant are subject to the same common labor policies and practices complained of herein.

31.     From approximately 2019 through December 2020, Plaintiff was employed by Defendants as a server and/or bartender at Defendant Fricker's North College Hill 107, LLC.

32.     During her employment with Defendants, Plaintiff was paid an hourly wage and received tips from customers.

33.     At all material times, other tipped employees at Fricker's restaurants were/are paid an hourly wage and receive tips from customers.

34.     Defendant Fricker's USA, LLC and the Fricker's restaurants attempted to utilize the tip credit to meet their minimum wage obligation to Plaintiff and other tipped employees.

35.     At all material times, the tipped employees, including Plaintiff, were paid less than the minimum wage under the law.

36.     Fricker's maintained a policy and practice whereby Plaintiff and other tipped employees were required to spend a substantial amount of time performing non-tipped worked.

37.     Plaintiff and other tipped-employees were required to perform the following non-exhaustive list of non-tip generating duties each workweek that were not performed contemporaneously with serving customers: cleaning and stocking the serving line; cleaning booths, chairs, high chairs and booster seats; cleaning menus; cleaning soft drink dispensers and

nozzles; cleaning tables; filling and cleaning ketchup and syrup bottles; filling and cleaning salt and pepper shakers; replacing soft drink syrups; rolling silverware; setting tables; stocking ice; sweeping, cleaning and mopping floors; taking dishes and glasses from the tables to the kitchen; and/or taking out trash.

38.     Plaintiff and other similarly situated tipped-employees frequently spent more than 20% of their time (between 30 minutes and two hours before and/or after their shift) performing these non-tip generating duties, during which they did not interact with customers and could not earn tips.

39.     Plaintiff and other tipped employees were also required to perform a number of tasks that were unrelated to their tip-producing duties each workweek, including: cleaning ledges; cleaning the kitchen; cleaning walls and items hanging on the walls; cleaning window blinds, windows, and windowsills; cleaning the bathrooms; and/or washing trays, appliances, silverware, dishes and/or glasses.

40.     By requiring Plaintiff and other tipped employees to perform non-tipped work unrelated to their tipped occupation (i.e., "dual jobs"), and excessive amounts of non-tipped worked even if related to their tipped occupation, while being paid the sub-minimum tip credit wage rate, Plaintiff and other servers and bartenders were illegally undercompensated for their work.

41.     Upon information and belief, Defendants did not track or record the amount of time the tipped employees spent performing non-tipped work, even though Defendants were capable of doing so.  Defendants' timekeeping system was capable of tracking multiple job codes for different work assignments, but Defendants failed to track to the specific tasks for Plaintiff and other tipped employees.

42.     Upon information and belief, Defendants use a point-of-sale system to record hours worked by its tipped employees. Defendants then analyzes the information collected by this system, including the labor costs at each of the restaurants. Defendants' timekeeping system was capable of tracking multiple job codes for different work assignments, but Defendants failed to track to the specific tasks for Plaintiff and other tipped employees.

43.     Upon information and belief, in the point-of-sale system, Defendants can create different "clock in" codes that would allow tipped employees to record their time at the full minimum wage when performing non-tipped work.

44.     However, Defendants did not allow their tipped employees to clock-in at the full minimum wage rate when performing non-tipped work described in this Complaint.

45.     Because Defendants violated the requirements to claim the tip credit, Defendants lost the right to take a credit toward their minimum wage obligation to Plaintiff and other tipped employees.

46.     As such, Plaintiff and the other tipped employees were not compensated at the federally and state mandated minimum wage.

47.     Defendants knowingly and willfully engaged in the above-mentioned violations of the FLSA.

48.     Defendants knew or should have known that their policies and practices violate the law, and Defendants have not made a good faith effort to comply with the FLSA. Rather, Defendants acted knowingly, willfully, and/or with reckless disregard of the law carried and continues to carry out an illegal pattern and practice regarding its tipped employees. Defendants' method of paying Plaintiff and other tipped employees was not based on a good faith and reasonable belief that its conduct complied with the law.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

49.     Plaintiff brings Count One of this action on her own behalf pursuant to 29 U.S.C. §

216(b), and on behalf of all other persons similarly situated who have been, are being, or will be

adversely affected by Defendant's unlawful conduct.

50.     The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right

to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is herself a

member, is composed of and defined as follows:

> All current and former tipped employees who worked for Fricker's
> at one or more of its restaurant locations in the United States at least
> one week during the three-year period prior to the filing of this
> action to the present. ("FLSA Class")

51.     Plaintiff has actual knowledge, through conversations with her co-workers that a

class of similarly situated workers exists who have been subjected to the same policies of

Defendants with respect to the payment of the minimum wage.

52.     Plaintiff is unable to state at this time the exact size of the FLSA Class, but upon

information and belief, avers that it consists of more than 100 persons.

53.     This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. §

216(b) as to claims for unpaid minimum wages, liquidated damages, attorneys' fees, and costs

under the FLSA.

54.     The FLSA Class members are similarly situated to Plaintiff in that they share the

same duties and were subject to the same violations of the FLSA.

55.     Plaintiff and the FLSA Class members all labored under the same corporate

structure, the same corporate policies, the same corporate chain of command, and pursuant to the

rules in the same company handbook.

56.     Plaintiff is representative of those other employees and are acting on behalf of their

interests as well as her own in bringing this action.

57.     The FLSA Class members are known to Defendants and their names and addresses are readily identifiable through Defendants' records.

58.     The FLSA Class members may readily be notified of this action and allowed to "opt-in" pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

59.     To the extent required by law, notice will be provided to the FLSA Class members by first class mail, email, text message, or by the use of techniques and a form of notice similar to those customarily used in representative actions.

## OHIO COLLECTIVE ACTION ALLEGATIONS

60.     Plaintiff brings Count Two of this collective action on behalf of herself and a class of similarly situated current and former employees in the state of Ohio, which is comprised of the following:

> All current and former tipped employees who worked for Fricker's at one or more of its restaurant locations in Ohio for at least one week during the three-year period prior to the filing of this action to the present. ("Ohio Class")

61.     Plaintiff has actual knowledge, through conversations with her co-workers that a class of similarly situated workers exists who have been subjected to the same policies of Defendants with respect to the payment of the minimum wage.

62.     Plaintiff is unable to state at this time the exact size of the Ohio Class, but upon information and belief, avers that it consists of more than 100 persons.

63.     The Ohio Class members are similarly situated to Plaintiff in that they share the same duties and were subject to the same violations of the OMFWSA.

64.     Plaintiff and the Ohio Class members all labored under the same corporate

structure, the same corporate policies, the same corporate chain of command, and pursuant to the rules in the same company handbook.

65.     The Ohio Class members are known to Defendants and their names and addresses are readily identifiable through Defendants' records.

66.     The Ohio Class members may readily be notified of this action and allowed to opt-in pursuant to Ohio R.C. 4111.14(K)(2), for the purpose of collectively adjudicating their claims for unpaid compensation, liquidated damages, attorneys' fees, and costs under the OMFWSA.

67.     To the extent required by law, notice will be provided to the Ohio Class members by first class mail, email, text message, or by the use of techniques and a form of notice similar to those customarily used in representative actions.

<u>COUNT ONE</u>
**(Fair Labor Standards Act Violations)**

68.     Plaintiff incorporates the preceding paragraphs by reference.

69.     This count arises from Defendants' violation of the FLSA in connection with their failure to pay the minimum wages. *See* 29 U.S.C. § 206.

70.     Plaintiff and the FLSA Class members were paid hourly rates less than the federal minimum wage while working for Defendants.

71.     Plaintiff and the FLSA Class members were not exempt from the minimum wage requirements of the FLSA.

72.     Defendants' failure to comply with the minimum wage requirements of the FLSA, and, in particular, the tip credit requirements, resulted in Plaintiff and the FLSA Class members being paid less than the federal minimum wage rate.

73.     Defendants' practice and policy of not paying Plaintiff and the FLSA Class members the minimum wage for the hours they worked in a workweek violated the FLSA, 29

U.S.C. § 206.

74.    Defendant's practices and policies violated the tip credit provision of the FLSA, 29 U.S.C. §203(m).

75.    Defendants' practice of failing to inform its employees of its intent to rely on the tip credit to meets its minimum wage obligations violates the FLSA.

76.    Defendant's failure to keep accurate records of the hours worked each workday and workweek by Plaintiff and other tipped employees (including records reflecting hours worked performing non-tipped work) violated the FLSA, 29 C.F.R. § 516.2(a)(7).

77.    By engaging in the above-described practices and policies, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA. Defendants' failure to pay the minimum wage to Plaintiff and the FLSA Class, in violation of the FLSA was willful and not based on a good faith belief that its conduct did not violate the FLSA. The foregoing conduct, as alleged, constitutes a willful violation within the meaning of the FLSA. 29 U.S.C. § 255(a).

## COUNT TWO
### (Ohio Minimum Fair Wage Standard Act Violations)

78.    Plaintiff incorporates the preceding paragraphs by reference.

79.    This count arises from Defendants' violation of the OMFWSA for failure to pay minimum wages to Plaintiff and the Ohio Class members.

80.    During their employment with Defendants, Plaintiff and the Ohio Class members were not exempt from the minimum wage provisions of the OMFWSA.

81.    Defendants paid Plaintiff and the Ohio Class members below the minimum wage rate in Ohio, in violation of Ohio R.C. § 4111.02.

82.    Defendant's practice and policy of not paying Plaintiff and the Ohio class members the minimum wage for the hours they worked in a workweek violated the OMFWSA, Ohio R.C.

13

4111.14.

83. Defendant's failure to keep accurate records of the hours worked each workday and workweek by Plaintiff and other similarly situated servers (including records reflecting hours worked performing non-tipped work) violated the OMFWSA, Ohio R.C. 4111.03.

84. By engaging in the above-described practices and policies, Defendant willfully, knowingly and/or recklessly violated the provisions of the OMFWSA.

## WAGE DAMAGES SOUGHT

85. Plaintiff and the FLSA Class members are entitled to receive the difference between the Federal minimum wage of $7.25 an hour and the tip credit adjusted minimum wage for each hour they worked.

86. Plaintiff and the Ohio Class members are entitled to receive the difference between the Ohio minimum wage rate and the tip credit adjusted minimum wage for each hour they worked.

87. Plaintiff and the FLSA Class members are entitled to liquidated damages.

88. Plaintiff and the Ohio Class members are entitled to liquidated damages calculated as an additional two times the amount of unpaid minimum wages found due to them.

89. Plaintiff, the FLSA Class members, and the Ohio Class members are also entitled to recover their attorney's fees and costs, as required by the FLSA and Ohio law.

## PRAYER FOR RELIEF DEMAND

WHEREFORE, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

A.     Issue an order permitting this litigation to process as a collective action;

B.     Order prompt notice to all class members that this litigation is pending and that they have the right to "opt in" to this litigation pursuant to 29 U.S.C. § 216(b) and R.C. § 4111.14 (K);

14

C.     Award Plaintiff and the classes she represents actual damages for unpaid wages, including minimum wage compensation unadulterated by the tip credit;

D.     Award Plaintiff and the FLSA Class liquidated damages in amount equal to the unpaid wages found due to Plaintiff and the FLSA Class under the FLSA;

E.     Award Plaintiff and the Ohio Class liquidated damages calculated as an additional two times the amount of unpaid minimum wages found due to Plaintiff and the Ohio Class members under the OMFWSA;

F.     Award Plaintiff and the classes she represents attorneys' fees, costs, and disbursements;

G.     Award Plaintiff and the class he represents pre- and post-judgment interest at the statutory rate; and

H.     Award Plaintiff and the classes she represents such other and further relief to which they may be entitled, both in law and in equity.

Respectfully submitted,

 /s/ Matthew S. Grimsley
Matthew S. Grimsley (0092942)
Anthony J. Lazzaro (0077962)
Lori M. Griffin (0085241)
Alanna Klein Fischer (0090986)
The Lazzaro Law Firm, LLC
The Heritage Building, Suite 250
34555 Chagrin Boulevard
Moreland Hills, Ohio 44022
Phone: 216-696-5000
Facsimile: 216-696-7005
matthew@lazzarolawfirm.com
anthony@lazzarolawfirm.com
lori@lazzarolawfirm.com
alanna@lazzarolawfirm.com

Attorneys for Plaintiff

## **JURY DEMAND**

Plaintiff demands a trial by jury on all eligible claims and issues.

 /s/ Matthew S. Grimsley
Matthew S. Grimsley (0092942)

One of Plaintiff's Attorneys